IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

TERRANCE W. UPSHAW                                                          PLAINTIFF

V.                                                              NO. 4:15-CV-151-DMB-SAA

MDOC, ET AL.                                                              DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on the *pro se* prisoner complaint filed October 13, 2015, by Terrance W. Upshaw, who challenges the conditions of his confinement under 42 U.S.C. § 1983. Doc. #1. For the purposes of the Prison Litigation Reform Act, the Court notes that Upshaw was incarcerated when he filed this suit. Upshaw alleges that the defendants unfairly removed him from his prison job. For the reasons below, this case will be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

Upshaw is incarcerated for life with the possibility of parole in the Mississippi Department of Corrections after his 1978 conviction for capital rape. In 2008, he was hired and trained by MPIC Textile as a sewing machine operator. Doc. #1 at 4. He has worked in that capacity off and on since then, depending on whether he was housed in a unit where such work was possible. Upshaw sought a move to put him closer to his family and, though he was approved for the move, he was never transferred. During the time he sought the transfer, he had not been to work and was terminated from his job. Because he had not worked in a long time, he asked again to be moved.

Upshaw was rehired on November 24, 2015, but when he went to work the next day, his request to be transferred to another unit was granted. Consequently, he was taken from MPIC Textile back to his unit to be moved. After dealing with Upshaw's rapidly changing living situation – and

resulting absences from work – his supervisor, Ms. Adkins, refused re-hire him.  Upshaw would like the Court to provide him the opportunity to tell Ms. Adkins why he missed so much work – and to convince her that he would be an asset to MPIC Textile if she would hire him back.  *Id.* at 5.

## Discussion

The United States Constitution does not confer inmates the right to a particular job assignment.  *Barnes v. Cain*, 544 F. App'x 483, 483 (5th Cir. 2013) (unpublished) (citing *Bulger v. United States Bureau of Prisons,* 65 F.3d 48, 50 (5th Cir.1995)).  *See also Moody v. Doggett*, 429 U.S. 78, 94 n.9 (1976) (prisoner eligibility for rehabilitation programs are not subject to due process protections).  The assignment of an inmate to a particular job is a matter of prison administration which falls within the sound discretion of prison officials.  *Gardner v. Johnson*, 429 F. Supp. 432, 434 (E.D. Mich. 1977); s*ee also Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).  As such, Upshaw's claim regarding his eligibility for employment within a state prison will be dismissed.

## Conclusion

For the reasons above, Upshaw's claim regarding the decision by his work supervisor to dismiss him from his prison job will be dismissed for failure to state a claim upon which relief could be granted.  A final judgment consistent with this opinion will issue.

**SO ORDERED**, this 15th day of January, 2016.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**